IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD KYLE REEVES, ) | |
| AIS #255472, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-181-WHA |
| ) | |
| SGT. GASTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Richard Kyle Reeves ("Reeves"), an indigent state inmate. In the instant complaint, Reeves challenges actions taken against him by Sgt. Marcus Gaston at the Bullock Correctional Facility on March 2, 2016.

Pursuant to the orders of this court, the defendants filed a special report supported by relevant evidentiary materials, including affidavits and medical records, in which they address the claims for relief presented by Reeves. The report and evidentiary materials refute the self-serving, conclusory allegations set forth in the complaint. Specifically, the defendants maintain that Sgt. Gaston had no contact with the plaintiff on the day of the actions made the basis of the complaint. The defendants further assert that defendant Sparks did not witness any interaction between Sgt. Gaston and Reeves on March 2, 2016. In addition, the undisputed medical records compiled contemporaneously with treatment

provided to Reeves during the time relevant to the complaint indicate that Reeves did not seek medical treatment for injuries suffered on March 2, 2016. These records also demonstrate that Reeves suffers from mood instability and paranoia. Doc. 8-1 at 3.

In light of the foregoing, the court issued an order directing Reeves to file a response to the defendants' written report. Doc. 11. The order advised Reeves that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. (emphasis in original). The time allotted to Reeves for filing a response in compliance with the directives of this order expired on May 13, 2016. Reeves has failed to file a response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. After this review, the court can only conclude that dismissal of this case is the proper course of action at this time. Reeves is an indigent individual, so the imposition of monetary or other punitive sanctions against him would be ineffectual. And Reeves' inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by Reeves, demonstrate that no constitutional violation occurred. It therefore appears that any additional effort by

this court to secure Reeves' compliance would be unavailing. Consequently, the court concludes that Reeves' abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before **February 14, 2017** the parties may file objections to this recommendation. A party must specifically identify the factual findings and legal conclusions in the recommendation to which the objection is made. Frivolous, conclusive, or general objections to the recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-

1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 31st day of January, 2017.

> */s/ Gray M. Borden*
> UNITED STATES MAGISTRATE JUDGE